IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ETSHO ILUNGA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 114-128 |
| ) | (Formerly CR 111-305) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate D. Ray James Correctional Facility in Folkston, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

I.  **BACKGROUND**

On January 13, 2012, Petitioner pled guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, and one count of aggravated identify theft, in violation of

18 U.S.C. § 1028A(a). U.S. v. Ilunga, CR 111-305, doc. nos. 26-28 (S.D. Ga. Jan. 13, 2012) (hereinafter "CR 111-305"). Eleven other counts of bank fraud and theft of mail were dismissed as part of the plea agreement. Id. United States District Judge J. Randal Hall, sentenced Petitioner to a total sentence of imprisonment of forty-five months for both counts, and judgment was entered on March 23, 2012. Id., doc. no. 31. Judge Hall directed Petitioner to voluntarily surrender for service of his sentence at the institution designated by the Bureau of Prisons by May 31, 2012, but an arrest warrant was issued for Petitioner when he disappeared prior to his reporting date without notifying court officials of a change of address. Id., doc. nos. 32, 33, 34. Petitioner was subsequently arrested in Montana, returned to this District, and remanded to the custody of the United States Marshal on September 27, 2012, to immediately begin service of his previously imposed sentence. Id., doc. nos. 35, 36, 38.

Petitioner next filed a notice of appeal on October 31, 2013. Id., doc. no. 41. That appeal currently pends before the Eleventh Circuit Court of Appeals. U.S. v. Ilunga, No. 13-15063-F (11th Cir. Nov. 1, 2013). Petitioner is represented by retained counsel on appeal. CR 111-355, doc. no. 46. Petitioner also filed a "Motion to File for Lawsuit Against Attorney Harold V. Jones," which Judge Hall identified as a potential request under § 2255 to vacate, set aside, or correct his sentence. Id., doc. nos. 44, 46. Judge Hall directed Petitioner to notify the Court if he objected to the recharacterization of his motion as a § 2255 motion. Id., doc. no. 46, p. 2. Although Petitioner's response was docketed as a motion to vacate, an examination of the substance of Petitioner's filing

reveals his emphatic statement, "I have no intention to file for 2255." Id., doc. no. 47, p. 2.

Nearly two months after his response to Judge Hall, Petitioner has now filed a motion to vacate, set aside, or correct his sentence on a standard § 2255 form. (Doc. no. 1.) In his current motion, Petitioner repeatedly acknowledges that his appeal on the underlying convictions is still pending. (Id. at 2, 5, 6, 7, 8, 10, 11.)

## II. DISCUSSION

"[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief." U.S. v. Casaran–Rivas, 311 F. App'x 269, 272 (11th Cir. 2009) (*per curiam*) (collecting cases supporting dismissal of § 2255 motions as premature while direct appeal pending); see also U.S. v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990) ("The general rule is that a defendant may not seek collateral relief while his direct appeal is pending."), modified on other grounds, 910 F.2d 713 (11th Cir. 1990) (*per curiam*). Therefore, Petitioner may not pursue collateral relief and a direct appeal simultaneously.

Because Petitioner's direct appeal is currently pending before the Eleventh Circuit, and a review of his § 2255 motion reveals no extraordinary circumstances warranting immediate review, Petitioner's motion is premature and should be dismissed without prejudice.

## III. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner's motion is

premature. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of June, 2014, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA